Filed 11/23/15  P. v. Pinckley CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CRAIG ELLIOTT PINCKLEY,<br><br>    Defendant and Appellant. | A144449<br><br>(Solano County<br>Super. Ct. Nos. FCR295855) |

Appellant Craig Elliott Pinckley appeals following his plea of no contest to a single count of embezzlement (Pen. Code,[1] § 487, subd. (a)), and resulting sentence in the above-referenced criminal case.  Appellant's counsel has filed an opening brief in which no issues are raised, and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Counsel has declared that appellant has been notified that no issues were being raised by counsel on appeal, and that an independent review under *Wende* instead was being requested.  Appellant was also advised of his right personally to file a supplemental brief raising any issues he chooses to bring to this court's attention.  No supplemental brief has been filed by appellant personally.

We note that appellant has not obtained a certificate of probable cause, which is required by section 1237.5 when a defendant seeks to appeal from a judgment entered following a guilty or no contest plea.  However, the notice of appeal states that the appeal

---

[1] All further undesignated statutory references are to the Penal Code unless otherwise stated.

1

is based upon the restitution fine imposed as part of his sentence. Therefore, we limit our review to that portion of the record necessary to review the award of restitution. (*People v. Kelly* (2006) 40 Cal.4th 106.) Having done so, we conclude that there is no arguable issues on appeal.

## PROCEDURAL AND MATERIAL FACTUAL BACKGROUND OF CASE

A one-count criminal information was filed by the Solano County District Attorney's Office on May 29, 2013, charging appellant with one count of embezzlement (§ 487, subd. (a)). The information alleged that appellant was an employee of an entity named Veolia Environmental Services (Veolia), and he took from his employer money and personal property in excess of $950. According to the pre-plea report by the probation department, an internal investigation conducted by Veolia revealed that appellant used the company gasoline credit card issued to him to purchase approximately $56,000 in fuel, an amount far beyond that spent by other employees, and that included purchases on his days off and for unleaded gasoline (the work vehicle assigned to appellant used diesel fuel). Appellant subsequently admitted he used the company's credit card to purchase gasoline that he sold to others.

A negotiated plea was entered between appellant and the prosecution by which appellant entered a plea of no contest to the single count in the information in return for which the prosecution agreed that: (1) appellant would be sentenced to 180 days in jail which would be suspended/stayed; (2) appellant would be placed on formal probation; and (3) pending successful compliance with restitution payments, appellant could petition the court to reduce his conviction to a misdemeanor. The amount of restitution was to be determined following a hearing. A plea form was completed and signed by appellant. The plea was accepted by the court, and appellant was sentenced in accordance with the agreement. A restitution hearing was scheduled.

A restitution hearing ultimately was held on October 27, 2014. One witness was called to testify, Shari Silva. Ms. Silva was the regional controller and financial systems manager for Veolia, an environmental cleaning company that responds to environmental spills and requests for tank cleaning. Ms. Silva testified that within her region the

2

company has approximately 250 employees including appellant, who was a former foreperson with the company. Forepersons have company-issued vehicles and gas cards. A spread sheet prepared by the witness was introduced and explained by Ms. Silva. The spread sheet showed the fuel purchases made by appellant including the date of purchase, the location, what type of fuel was purchased, and how many gallons. The total amount of loss for unauthorized fuel purchases made with the company's credit card was $55,808.83. Of this amount, $19,534.63 was spent on fuel during weekends and off schedule.

At the conclusion of the hearing, the trial court delayed submission of the matter to give counsel an opportunity to submit briefs on the issue of restitution. Appellant's counsel submitted her brief on the issue on November 24, 2014. An order filed on February 2, 2015, found the total amount of restitution owing Veolia to be $55,808.83. This appeal followed.

**CONCLUSIONS BASED UPON INDEPENDENT RECORD REVIEW**

Upon our independent review of the record we conclude there are no meritorious issues to be argued, or that require further briefing on appeal.

We also discern no error in the plea disposition or in sentencing. The sentence appellant received, including the restitution fines, penalties, and conditions imposed were supported by the law and facts. At all times appellant was represented by counsel.

**DISPOSITION**

The judgment is affirmed.

3

_____
RUVOLO, P. J.

We concur:


_____
REARDON, J.


_____
STREETER, J.

A144449, *People v. Pinckley*

4